IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERICHO DEMISSIE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:09-cv-01153-M |
| | § | |
| 7-ELEVEN, INC., DARCIA ADAMS, & YONAS G. SELLASSIE | § | |
| | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANT 7-ELEVEN, INC.'S MOTION FOR SANCTIONS**

Defendant 7-Eleven, Inc. ("7-Eleven") has moved this Court for sanctions against Plaintiff Jericho Demissie pursuant to Rule 37 of the Federal Rules of Civil Procedure for her failure to appear at her duly noticed deposition despite having been admonished by the state court to do so. Plaintiff's continual and deliberate disregard for the rules of the judiciary and disrespect for the discovery process warrant the imposition of sanctions. For the reasons set forth herein, 7-Eleven respectfully requests the Court order Plaintiff to attend a deposition on a date set by the Court, as well as award reasonable attorneys' fees and costs incurred as a result of Plaintiff's misconduct.

**FACTUAL BACKGROUND**

Plaintiff filed the instant lawsuit on July 30, 2008, in the District Court of Dallas County, Texas, against her former employer 7-Eleven, Inc., her former Store Manager, Yonas Selassie, and a former 7-Eleven Human Resources Generalist, Darcia Adams. In her Original Petition, Plaintiff alleged wrongful termination and failure to properly pay her wages during her employment with 7-Eleven. On May 22, 2009, Plaintiff filed a

third Amended Petition which contained a claim under the Fair Labor Standards Act. Defendants thereafter filed a timely Notice of Removal based on federal question jurisdiction with this Court.

On September 18, 2008, 7-Eleven served Plaintiff with a Notice of Deposition in compliance with Rule 199 of the Texas Rules of Civil Procedure. (*Exhibit 1, Notice of Deposition*). The deposition was scheduled to take place on October 28, 2008. On October 10, 2008, 7-Eleven sent Plaintiff a letter reminding her of the deposition date. (*Exhibit 2, October 10, 2008, Letter to Plaintiff*).

Plaintiff waited until October 15, 2008, to contact 7-Eleven and stated that she would not be attending the deposition. Plaintiff did not seek relief from the state court. As a courtesy, 7-Eleven agreed to cancel and reschedule the deposition.

On October 17, 2008, 7-Eleven sent a letter to Plaintiff asking her to respond with possible dates that she would be available for a deposition. (*Exhibit 3, October 17, 2008, Letter to Plaintiff*).[1] Plaintiff did not respond to this letter.

On January 8, 2009, Plaintiff contacted the state court and cancelled a motion hearing she had scheduled to take place the following day. Plaintiff did not give 7-Eleven notice of the cancellation, and counsel for 7-Eleven appeared at the hearing.

On February 20, 2009 -- four months after the prior attempt to set Plaintiff's deposition -- 7-Eleven sent another letter to Plaintiff, once again asking her to respond with a list of dates that she would be available for a deposition. (*Exhibit 4, February 20, 2009, Letter to Plaintiff*). Plaintiff again failed to respond to the letter.

[1] The date on this letter is incorrectly stated as "October 10, 2008." The letter was actually sent on October 17, 2008.

On March 27, 2009, after waiting for over a month for a response from Plaintiff, 7-Eleven served Plaintiff with a Second Notice of Deposition. (*Exhibit 5, Second Notice of Deposition of Plaintiff*). The deposition was scheduled to take place on April 30, 2009 -- thirty-three days from the notice.

On April 28, 2009, two days before the scheduled deposition, Plaintiff contacted local counsel for 7-Eleven and once again unilaterally cancelled the deposition. Plaintiff stated that she would call the following day to discuss possible dates for the deposition. Again, as a courtesy, 7-Eleven agreed to cancel and reschedule the deposition. Plaintiff never contacted 7-Eleven with possible dates as promised.

On May 1, 2009, 7-Eleven served Plaintiff with a Third Notice of Deposition. (*Exhibit 6, Third Notice of Deposition of Plaintiff*). The deposition was scheduled to take place on May 21, 2009, following the hearing on Plaintiff's motion for sanctions. In the late afternoon of May 20, 2009, the day before the scheduled deposition, Plaintiff contacted local counsel for 7-Eleven in Dallas and stated that she would not be attending the deposition but would be attending her motion hearing. 7-Eleven did not agree to release Plaintiff from the scheduled deposition and Plaintiff did not seek relief from the state court.

At 9:00 a.m. on May 21, 2009, the state court held a hearing on Plaintiff's motion for sanctions (which it denied). At the hearing, the court advised Plaintiff that she cannot unilaterally cancel a deposition, and that she needed to appear at the deposition scheduled for that afternoon. (*Exhibit 7, Transcript of Hearing on Motion for Sanctions, May 21, 2009, at* 13 [hereafter "*H. Tr.*"]). Plaintiff did not formally seek relief from the state court, or otherwise justify her refusal to appear at the deposition that afternoon. When

asked by the state court why she did not intend to appear for her deposition, Plaintiff offered no legitimate excuse. (*Id. at* 10–12). The state court advised Plaintiff on multiple occasions that she needed to proceed with discovery. (*Id. at* 11, 13, 20, 21).

Plaintiff failed to appear at the deposition that afternoon. (*Exhibit 8, Certificate of Nonappearance of Jericho Demissie, May 21, 2009*). The court reporter then issued a Certificate of Nonappearance. (*Id.*).

In addition to Plaintiff's failure to attend her scheduled deposition, Plaintiff also failed to send 7-Eleven written notice of the motion hearings that she scheduled before the state court. At the May 21, 2009, hearing, the state court instructed Plaintiff of the need to send written notice of the hearings to 7-Eleven. (*H. Tr. at* 18). Despite this instruction from the state court, the following week Plaintiff once again failed to send written notice of a hearing scheduled for May 28, 2009.

## ARGUMENT

### I. The Applicable Legal Standard.

The purpose behind the imposition of sanctions against a party is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). A court has "broad discretion to impose sanctions on uncooperative litigants to redress abusive litigation practices." Arredondo v. Flores, 2008 WL 4414308, at *2 (S.D. Tex. Aug. 22, 2008). In determining the type of sanction to impose on an offending party, the Court " 'should carefully choose sanctions that foster the appropriate purpose of the rule [namely, the source of the sanctioning power], depending upon the parties, the violation,

and the nature of the case.' " Id. (alteration in original) (quoting Thomas v. Capital Security Servs., 836 F.2d 866, 877 (5th Cir. 1988)).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party who seeks to evade or thwart a full and candid discovery incurs the risk of serious consequences." Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1126 (5th Cir. 1970). Further, "overleniency is to be avoided where it results in inadequate protection of discovery." Id. The Court may impose Rule 37 sanctions for both willful and negligent discovery abuses. Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990).

Rule 37 provides for the imposition of sanctions against a party who "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Among the sanctions considered by the Court are: disallowing the offending party from supporting or opposing certain claims or defenses or from introducing certain matters into evidence; designated facts or matters as established; striking the pleadings; staying further proceedings; dismissal of the action; or default judgment. Fed. R. Civ. P. 37(b)(2)(A). In lieu of or in addition to these sanctions, the Court must order the offending party to pay reasonable attorneys' fees and costs incurred as a result of the misconduct, unless the offending party had a substantial justification for the conduct or other circumstances make the award unjust. Fed. R. Civ. P. 37(d)(3).

## II. Sanctions Against Plaintiff Are Warranted Here Due to Plaintiff's Ongoing And Deliberate Abuse of the Judicial Process.

In the instant case, Plaintiff has shown a repeated unwillingness to cooperate with 7-Eleven in the discovery process, as well as a conscious disregard for the rules of the judiciary. Throughout the course of discovery in this case, Plaintiff has either cancelled or failed to appear for three properly noticed depositions. In addition, Plaintiff has

ignored 7-Eleven's multiple correspondences and attempts to contact her with regard to scheduling a deposition at a date and time that was convenient for her. Plaintiff has also failed to provide 7-Eleven with written notice of scheduled hearings and failed to advise 7-Eleven of her cancellation of one hearing before the state court.

This Court has the power to impose sanctions on a party based on misconduct that occurred outside the bounds of its courtroom. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). This proposition is based on the concern for sanctioning misconduct that results in " 'disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.' " Id. (quoting Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 798 (1987)). The holding in Chambers was recognized by the Fifth Circuit Court of Appeals in CJC Holdings, Inc. v. Wright & Lato, Inc., 989 F.2d 791, 793 (5th Cir. 1993) (stating that in the event Chambers cannot be reconciled with the court's holding in In re Case, 937 F.2d 1014 (5th Cir. 1991), Chambers controls). Therefore, this Court may properly consider conduct taking place before the state court in determining whether to impose sanctions.

Under Rule 37 of the Federal Rules of Civil Procedure, sanctions are appropriately imposed upon a party who fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Throughout discovery in this case, 7-Eleven attempted to contact Plaintiff on multiple occasions regarding the scheduling of her deposition. To that end, 7-Eleven sent Plaintiff several correspondences asking for her cooperation in providing dates that she would be available for a deposition. As detailed above, Plaintiff repeatedly failed to respond to 7-Eleven's requests for available dates. 7-Eleven then proceeded to schedule Plaintiff's deposition and provided Plaintiff with the required

notice. Subsequently, Plaintiff unilaterally cancelled two scheduled depositions, and failed to appear for one, even after the state court admonished Plaintiff about her need to attend the deposition. In addition, Plaintiff failed to provide an acceptable excuse for her refusal to attend the deposition. Furthermore, Plaintiff did not file a motion for a protective order, or seek any other relief from the state court. Accordingly, Plaintiff does not fall under the exception provided in Fed. R. Civ. P. 37(d)(2), and sanctions are appropriate under Fed. R. Civ. P. 37(d)(1)(A)(i).

In First Regency Enterprises, Inc. v. CH MM Denton LLC, the district court imposed sanctions on the defendant for failing to appear at a scheduled deposition. First Regency Enters., Inc. v. CH MM Denton LLC, 2009 WL 1542522, at *1 (N.D. Tex. June 2, 2009). The court found that the defendant's undisputed failure to attend the deposition gave the court discretion to impose sanctions that could only be overturned for an abuse of discretion. Id. at *2. The court directed the defendant to pay the plaintiff's attorneys' fees and also entered default judgment against the defendant. Id. at *1. The court found that the defendant's failure to attend the deposition with no acceptable excuse, as well as multiple previous discovery abuses, warranted the imposition of severe sanctions. Id. at *2. The court stated that "Defendant's omissions and failure to conduct itself in accordance with the Federal Rules of Civil Procedure . . . demonstrate the type of attitude and course of conduct that cannot be corrected by a lesser sanction."[2] Id.

Similarly, in the present case, Plaintiff undisputedly failed to attend a properly noticed deposition with no acceptable excuse. This Court, therefore, has discretion to impose appropriate sanctions on Plaintiff under Rule 37 to deter future discovery abuses.

---

[2] 7-Eleven was prepared to ask the state court for the severe sanction of dismissal with prejudice for Plaintiff's ongoing abuse of the judicial process. 7-Eleven recognizes, however, that this Court only recently assumed jurisdiction over this matter. Therefore, 7-Eleven has not requested dismissal at this time.

In addition, Plaintiff's long history of repeated unwillingness to cooperate with 7-Eleven in the discovery process, as well as her blatant disregard for the rules of the judiciary, further warrant the imposition of sanctions. Plaintiff has demonstrated a pattern of misconduct that will likely continue if left unabated.

Sanctions would also have been appropriate had the case remained in state court. In Teate v. CBL/Parkdale Mall, L.P., 262 S.W.3d 486 (Tex. App. 2008), the Texas Court of Appeals affirmed the trial court's imposition of sanctions against the plaintiffs for failing to appear at a scheduled deposition. After numerous attempts to contact the plaintiffs with regard to scheduling their deposition, the defendant filed a motion to compel the plaintiffs' appearance. Id. at 489. When the plaintiffs failed to appear at the scheduled deposition, the trial court granted the defendant's motion for sanctions and ordered dismissal of the case. Id. at 490.

Applying the standard for sanctions announced by the supreme court in TransAmerican, the court of appeals found that the trial court had not abused its discretion in imposing sanctions against the plaintiffs. Id. at 490–91. First, the court determined that a direct relationship existed between the plaintiffs' conduct and the sanction imposed because the individuals who engaged in the conduct were the same individuals who were being punished by the sanctions. Id. at 490. The court concluded that the trial court had reasonably found that the plaintiffs alone were responsible for their conduct and had not relied on their attorney's advice. Id. at 491. Second, in looking at whether the type of sanctions imposed were appropriate for the misconduct, the court found that the trial court had correctly concluded that lesser sanctions would not have been a sufficient deterrent for future misconduct. Id. The court stated that "[t]he trial

court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party . . . rather, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed." Id. at 492.

Similarly, in the instant case, sanctions imposed on Plaintiff would bear a direct relationship to her conduct because here the offending individual is the same individual against whom sanctions would be imposed. Like Teate, Plaintiff did not rely on the advice of counsel during the discovery process, so she alone is responsible for her conduct. Furthermore, given Plaintiff's extensive history of discovery abuse in this case (which the state court may consider, Hernandez v. Mid-Loop, Inc., 170 S.W.3d 138, 143 (Tex. App. 2005)), sanctions are warranted to deter future misconduct by Plaintiff. As in Teate, Plaintiff has engaged in discovery abuse by failing to appear at a properly noticed deposition after being specifically instructed by the trial court that her appearance was required. This conduct would have been serious enough to warrant the imposition of sanctions by the state court as well.

## CONCLUSION

Plaintiff has shown a repeated and deliberate disregard for the rules of the judiciary and the discovery process. Despite being told in open court that she had no justification for not appearing at her deposition, Plaintiff chose not to appear. 7-Eleven incurred significant expenses as a result of Plaintiff's bad faith tactics and has been prevented for over eight months from taking her deposition. Given that Plaintiff's misconduct has persisted from the outset of the case and continues unabated, 7-Eleven respectfully requests an order directing Plaintiff to pay the costs incurred by 7-Eleven in

preparing for the deposition by depositing $835.99 with the Clerk of Court (consisting of $115.99 for the court reporter (*Exhibit 9, Invoice for Court Reporter*), $395 for the videographer (*Exhibit 10, Invoice for Videographer*), and one hour of counsel's time at a rate of $325). 7-Eleven also requests an award of reasonable attorneys' fees incurred in preparing the instant motion.

7-Eleven also respectfully requests the Court set a date for Plaintiff's deposition, contingent on Plaintiff complying with the order requiring payment of costs. Lead counsel for 7-Eleven is out of state, but would be available to travel to Dallas and take Plaintiff's deposition on any of the following dates: August 11–13; August 25–27; September 1–3; or September 15–17. The order should further provide that failure to timely pay the monetary sanctions or appear for the deposition will result in dismissal of the case with prejudice.

For the foregoing reasons, Defendant 7-Eleven, Inc., respectfully requests that the Court grant 7-Eleven's motion for sanctions and issue an order requiring Plaintiff to pay attorneys' fees and costs and setting a date for Plaintiff's deposition.

Respectfully submitted,

/s/ Eric A. Welter

Eric A. Welter
State Bar No. 24054612
eaw@welterlaw.com
**WELTER LAW FIRM, P.C**.
720 Lynn Street, Suite B
Herndon, Virginia 20170
(703) 435-8500
(703) 435-8851 (Telecopier)

**COUNSEL FOR DEFENDANT**
**7-ELEVEN, INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid, this 3rd day of July 2009, to:

Jericho Demissie
8014 Amesbury Lane
Rowlett, Texas 75089

[X] U.S. Mail
[ ] Hand Delivery
[ ] Overnight Delivery
[ ] Certified
[ ] Fax

/s/ Eric A. Welter
Eric A. Welter