IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERICHO DEMISSIE,** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | 3:09-CV-1153-M | |
| § | | |
| **7-ELEVEN INC., et al.,** § | | |
| **Defendants.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and the July 6, 2009 order of the court, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action removed from state court.

Parties: Plaintiff Jericho Demissie ("Demissie") is a resident of Rowlet, Texas. Defendants are 7-Eleven, Inc., Darcia Adams, and Yonas G. Selassie.

Statement of the Case: On July 30, 2008, Demissie commenced this action in the 116th Judicial District Court of Dallas County, Case No. 08-08599, alleging breach of contract, retaliatory discharge, fraud, conspiracy, defamation, negligent supervision and retention, and intentional infliction of emotional distress. On June 18, 2009, Defendants removed this action because Plaintiff's May 22, 2009 amended petition contained for the first time claims under the Fair Labor Standards Act ("FLSA").

Presently before the court is Demissie's July 20, 2009 motion to remand. Plaintiff asserts Defendants failed to file a complete and timely notice of removal and therefore remand to the

state court is proper. Alternatively, Plaintiff requests remand of the state law claims because they are "separate and independent" of the federal claims. 7-Eleven objected to the motion to remand the whole case to state court, and Plaintiff filed a reply.

Findings and Conclusions: 28 U.S.C. § 1446(a) requires that the notice of removal include "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the removed action. Relying on this section, Demissie asserts that Defendants' notice of removal omits a copy of the state court's non-suit dismissal order filed on August 26, 2008, and a copy of an unspecified document allegedly filed on December 18, 2008.

Demissie's argument that Defendants' notice of removal is procedurally deficient is without merit. Section 1446(a) only requires a notice of removal to include documents served upon Defendants. Plaintiff fails to provide a copy of the missing documents, explain their substance, or state whether they were ever served on Defendants. Interestingly, the state court docket sheet does not reflect the filing of any pleading on December 18, 2008. Moreover, the state judge may have withdrawn the August 26, 2008 non-suit dismissal since the case proceeded in state court through June 2009 when Defendants filed the notice of removal presently at issue.

Demissie's argument that the notice of removal is untimely fares no better. Defendants timely filed their notice of removal within thirty days of the May 22, 2009 amended petition. *See* 28 U.S.C. § 1446(b). Contrary to Demissie's assertion, the state court's docket sheet does not reflect the filing of a purported May 1, 2009 amended petition. Moreover, Demissie never served 7-Eleven with a copy of the alleged May 1, 2009 amended petition apart from attaching an incomplete copy of the same to a motion to compel discovery filed on May 4, 2009. Therefore, Plaintiff's May 22, 2009 amended petition was the first pleading that raised FLSA

claims, thus justifying removal to federal court.

Next Demissie requests the court to remand the state claims under 28 U.S.C. § 1441(c).[1] That section provides that whenever a "separate and independent claim or cause of action" that is based on federal-question jurisdiction is "joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).  For a remand to be proper under § 1441(c), "the claim remanded must be '(1) a separate and independent claim or cause of action; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates.'" *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 327 (5th Cir. 1998) (quoted case omitted).

Demissie's federal claims are not "separate and independent" from the state claims.  All of Plaintiff's claims, whether state or federal, stem from the termination of Demissie's employment with 7-Eleven and Defendants' alleged retaliation, fraud, conspiracy, defamation, negligent supervision and retention, and intentional infliction of emotional distress. *See Metro Ford Truck,* 145 F.3d at 327 ("[W]here there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."); *Texas v. Walker,* 142 F.3d 813, 817 (5th Cir. 1998) ("[A] case involving the violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of

---

[1] The Fifth Circuit Court of Appeals recently clarified that § 1441(c) does not permit a district court to remand the federal claims conferring removal jurisdiction where those claims are part of a case predominated by state law. *Poche v. Texas Air Corps, Inc.*, 549 F.3d 999, 1001-05 (5th Cir. 2008).

3

liability against multiple defendants."). Moreover, the proof required by Demissie on the federal and state claims will probably involve "substantially the same facts." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir. 1996) ("We have held that a claim is not independent if it 'involves substantially the same facts.'").

Since the federal claims are not "separate and independent" from the state law claims, the court lacks the discretion to remand the state claims under § 1441(c). *Smith v. Amedisys Inc.*, 298 F.3d 434, 439-40 (5th Cir. 2002) (affirming denial of motion to remand under § 1441(c) because all claims stemmed from the same sexual harassment and employment discrimination).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's motion to remand (Doc. #10) be DENIED.

Signed this 5th day of October, 2009.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.