IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JERICHO DEMISSIE,**

  **Plaintiff,**

v.               Civil Action No. 3:09-CV-1153-M-BK

**7-ELEVEN, INC., et al.,**

  **Defendants.**

## ORDER

  Pursuant to the District Court's order of reference filed July 6, 2009 and *Special Order* 3-283, Plaintiff's *Motion for Leave to File an Amended Complaint*, filed July 9, 2010, has been referred to the undersigned for a ruling. (Doc. 37). The Defendants oppose the motion, and Plaintiff has replied to their opposition. (Docs. 39, 40). Plaintiff filed this employment and tort action in state court in July 2008. (Doc. 4, Exh. 1). Twice during the state court litigation, Plaintiff amended her petition. (Doc. 4, Exh. 48). In the operative petition, she claimed that she worked as a cashier for 7-Eleven starting in June 2006 and, thereafter, 7-Eleven falsified her time records and did not compensate her properly, ultimately firing her in January 2007 in retaliation for her refusal to keep quiet about the matter. (*Id.* at 1-2). She sued 7-Eleven for breach of contract, retaliatory discharge based on her complaints under the Fair Labor Standards Act, fraudulent misrepresentation, conspiracy, defamation, negligent supervision and retention, and intentional infliction of emotional distress. (*Id.* at 4-8).

  The Defendants removed the case to federal court in June 2009. (Doc. 1). On June 8, 2010, the court issued a scheduling order providing a July 7, 2010 deadline for the amendment of

pleadings. (Doc. 36). On July 9, 2010, Plaintiff filed this motion to amend her complaint to provide a "more detailed description of the facts" so as to "narrow the scope of the issues presented in this litigation." (Doc. 37 at 1). She maintains that the Defendants will not be prejudiced by the amendment because she is not attempting to add any new legal theories, parties, or causes of action. (*Id.* at 2).

A review of the proposed amended complaint reveals that Plaintiff has pared down some of the details of her complaint in some paragraphs. (*Cf.* Doc. 1, Exh. 48 at ¶¶ 9-11, 13, 18, 20 with Doc. 37 at Attachment ¶¶ 8-9). Conversely, the proposed amended complaint adds a small amount of minor detail in some paragraphs, such as providing an exact date where previously one was not given. (*Cf.* Doc. 1, Exh. 48 at ¶¶ 7-8, 29 with Doc. 37 at Attachment ¶¶ 6-7, 10, 23-24). In other areas, the proposed amended complaint slightly rewords some of the language from the operative complaint, but not in any significant fashion. (*Cf.* Doc. 1, Exh. 48 at ¶¶ 7-8, 12, 15-16, 19, 23-24, 29, 31 with Doc. 37 at Attachment ¶¶ 6, 7, 10, 13, 15, 18-19, 23, 25).

The Defendants oppose Plaintiff's request to amend her complaint, arguing first that the motion is two days late in light of the July 7, 2010 deadline set by the court for amending pleadings, and Plaintiff has not shown good cause for the untimely motion as required by FED.R.CIV.P. 16(b) (providing that a movant must show good cause to modify a scheduling order deadline). (Doc. 38 at 1-4). In particular, the Defendants complain that (1) Plaintiff has offered no explanation for her untimely motion; (2) the amendments she wishes to make are minor; (3) the Defendants would be prejudiced by the additional delay given the fact that they have been litigating the case for two years; and (4) a continuance would not deter future dilatory behavior or serve to enforce rules or orders. (*Id.* at 4-5, 7-8). The Defendants further claim that Plaintiff did

not properly filed her motion as she emailed it to counsel and also has not complied with the court's electronic filing requirements. (*Id.* at 5). Finally, the Defendants argue that Plaintiff's motion demonstrates bad faith and dilatory tactics. (*Id.* at 6, 8).

Plaintiff replies that she should be allowed to amend her complaint to provide additional factual details concerning the Defendants' defamatory statements and misrepresentations, as well as meetings that were held. (Doc. 39 at 1). She maintains that the amendment will not affect the other dates in the court's scheduling order, and the Defendants still have adequate time to conduct discovery underlying the amended complaint. (*Id.* at 2). Plaintiff further contends that she timely filed her motion to amend because under Fed.R.Civ.P. 6(e), three extra days are added to the time to file motions. (*Id.*). Additionally, she claims that she is not acting in bad faith and simply has no litigation experience and only limited English, which caused her to inadvertently overlook some of the claims available to her. (*Id.* at 2). Plaintiff points out that the Defendants are the ones who have engaged in dilatory tactics, given how long it took two of them to file an answer in state court, and their bad faith can been seen in their attorneys' *ex parte* communications with the state court judge. (*Id.* at 3). She also denies the Defendants' claims that they will be prejudiced by the amendment, maintaining that it would not be unduly burdensome for them to reply to the amended complaint. (*Id.* at 4-5).

As an initial matter, the Defendants are correct that Plaintiff's motion to amend her complaint is two days late as it should have been filed on July 7, 2010, but was not filed until July 9, 2010. Rule 5(d)(2) of the Federal Rules of Civil Procedure provides that a document is "filed" with the court when it is delivered to the clerk. Rule 6(d) of the Federal Rules of Civil Procedure does not provide Plaintiff with three additional days to file the motion with the clerk

because that rule only applies to service of a pleading upon one's opponent.  Fed.R.Civ.P. 5(b)(2)(E).

Because the deadline for amending pleadings has passed, Plaintiff must demonstrate "good cause" to modify the order.  Fed.R.Civ.P. 16(b)(4).  Further, the court will consider four factors in determining whether to allow Plaintiff's untimely amendment to the pleadings:  (1) Plaintiff's explanation for failure to timely seek to amend her complaint; (2) the importance of the amendment; (3) the potential prejudice to the Defendants if the amendment was permitted; and (4) the availability of a continuance to cure the prejudice to the Defendants.  *S & W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (2003).  While Plaintiff is correct that Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires," in order for this liberal standard to apply, she first must show good cause as described above.  *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); (Doc. 38 at 1).

Each of the four *S & W Enterprises* factors weighs against Plaintiff.  First, Plaintiff's has not provided any explanation for filing her motion late.  Second, the proposed amended complaint only clarifies or rewords the operative complaint in minor and inconsequential ways.  Third, the Defendants would be significantly prejudiced by yet another amendment to the complaint when Plaintiff was allowed to amend her petition in state court twice, and the case has been pending for over two years, causing Defendants to already have incurred significant time and expense in litigating this matter.  Last, no continuance could cure the prejudice given the extensive time and expense that the Defendants have invested in this case to date.  *Id.*

Accordingly, Plaintiff's *Motion for Leave to Amend Complaint* is **DENIED**.

**SO ORDERED** on August 13, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE