IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JERICHO DEMISSIE,**

      **Plaintiff,**

v.                                                               **Civil Action No. 3:09-CV-1153-M-BK**

**7-ELEVEN, INC., et al.,**

      **Defendants.**

## ORDER

Pursuant to the District Court's order of reference filed July 6, 2009, and *Special Order* 3-283, Plaintiff's *Motions for Sanctions and/or to Compel Discovery*, filed October 7, 2010, have been referred to the undersigned for a ruling. (Docs. 44, 45). Plaintiff filed this employment and tort action in state court in July 2008. (Doc. 4, Exh. 1). Twice during the state court litigation, Plaintiff amended her petition. (Doc. 4, Exh. 48). In the operative petition, she claimed that she worked as a cashier for 7-Eleven starting in June 2006 and, thereafter, 7-Eleven falsified her time records and did not compensate her properly, ultimately firing her in retaliation for her refusal to keep quiet about the matter. (*Id.* at 1-2). She sued the Defendants for breach of contract, retaliatory discharge based on her complaints under the Fair Labor Standards Act, fraudulent misrepresentation, conspiracy, defamation, negligent supervision and retention, and intentional infliction of emotional distress. (*Id.* at 4-8). The Defendants removed the case to federal court in June 2009. (Doc. 1).

**A.**     **Plaintiff's First *Motion for Sanctions* (Doc. 44)**

In this motion, Plaintiff argues that in October 2008, she served on the Defendants her

requests for production of (1) its investigative files, (2) copies of her complaints filed with 7-Eleven, (3) all documents from the meeting between human resources employee Defendant Darcia Adams, store manager Defendant Yonas Selassie, and herself held on February 9, 2007, and (4) all documents from the meeting held between 7-Eleven field consultant Selette Bryan, Selassie, and Plaintiff on February 11, 2007. (Doc. 44 at 2). Plaintiff contends that the Defendants did not produce any of the requested documents despite repeated demands. (*Id.* at 2-3). Plaintiff notes that at a May 2009 hearing in state court on her motion to compel raising this same issue, defense counsel told the court that, while they had searched, they were unable to locate any responsive documents. (*Id.* at 3-5). Plaintiff surmises that the Defendants must have destroyed the documents in question, making it impossible for her to effectively prosecute her case, and they also have fabricated other documents.[1] (*Id.* at 4, 6-7). Plaintiff requests that this Court impose sanctions on 7-Eleven for the document destruction, namely by (1) deeming the Defendants to have admitted that they fired her in retaliation and made defamatory statements about her and (2) entering a default judgment against them. (*Id.* at 8).

In response, 7-Eleven states that Plaintiff has no proof that it destroyed evidence, and it does not know what happened to the documents she seeks, if any such documentation ever existed. (Doc. 47 at 1-2, 4-6). 7-Eleven points out that the state court judge denied this same motion as being without foundation, yet Plaintiff continues to file duplicative requests for the information even though it has provided her with all of the information in its files. (*Id.* at 2-4, 6). Defendants Adams and Selassie join in and incorporate 7-Eleven's opposition. (Doc. 49). In her

---

[1] Nevertheless, the state judge denied Plaintiff's motion because defense counsel said there were no such documents, and Plaintiff had not offered any evidence to show that the Defendants had destroyed them. (Doc. 44 at 6-7).

reply brief, Plaintiff provides various examples of the Defendants alleged fabrication of documents to cover up their destruction of the requested discovery. (Doc. 51 at 2-5).

When documents are relevant to an issue in a case, the Court may take the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of fear that the contents would harm it. *Whitt v. Stephens County*, 529 F.3d 278, 284 (5th Cir. 2008). The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of bad faith and prejudice, however. *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005). Mere negligence is not enough. *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). Absent a showing of bad faith, a party's failure to produce records is insufficient to infer the spoliation of evidence. *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000).

Defense counsel has stated, as an officer of the court, that if there were any documents responsive to Plaintiff's request, they are now missing and have not been located despite a diligent search. (Doc. 47 at 1-2, 4-6). Plaintiff has not brought forward any evidence whatsoever of the Defendants' bad faith and, at best, can only show negligence in their loss of any documents that may once have existed. *Wise*, 221 F.3d at 156. Thus, Plaintiff's *Motion for Sanctions* (doc. 44) is **DENIED**.

B.   **Plaintiff's *Motion for Sanctions and/or to Compel Discovery* (Doc. 45)**

In her second motion, Plaintiff asks the Court to compel 7-Eleven to respond to an interrogatory in which she requested contact information for a number of 7-Eleven's employees who may have knowledge relevant to her allegations. (Doc. 45). Plaintiff maintains that the state court judge previously ordered 7-Eleven to provide the information, but 7-Eleven failed to

3

fully comply with the court's order. (*Id.* at 1-3). After removal of the case to federal court, Plaintiff again sought the same contact information, but 7-Eleven provided contact information only for employees who were still employed by 7-Eleven at the time of Plaintiff's termination, and told Plaintiff that she could contact the current 7-Eleven employees only through defense counsel. (*Id.* at 2). Plaintiff states that all of these employees may have relevant information even though some of them may have left their jobs before she did. (*Id.* at 3). She further requests that the Court sanction 7-Eleven for violating the state court's order compelling the discovery and for being vexatious. In particular, she asks that 7-Eleven be precluded from introducing into evidence any material covered by her interrogatory which it did not produce in response to the state court's order. (*Id.* at 4).

Defendant 7-Eleven responds that Plaintiff represented to the state court that she needed contact information for certain employees who had witnessed her alleged terminations.[2] Pursuant to the state court's oral ruling directing Plaintiff to provide the Defendants with a list of employees she wished to contact, Plaintiff faxed to defense counsel a list of 22 particular individuals. 7-Eleven responded by (1) giving her contact information for 12 employees who worked with her at the time of her alleged terminations, (2) informing Plaintiff that three of the individuals were current employees and could be contacted through defense counsel, (3) informing Plaintiff that it did not have contact information for one person, and (4) advising Plaintiff that the remaining six individuals had left their jobs at 7-Eleven at the time of her alleged terminations, and her request for their contact information thus was overbroad and

---

[2] Plaintiff alleges various dates of termination, namely January 21, 2007, February 27, 2007, and March 2, 2007. (Doc. 4, Exh. 48 at 3-4).

4

irrelevant. (Doc. 48 at 2-3). 7-Eleven objects that (1) the six former employees have no knowledge of Plaintiff's termination because they were not employed at 7-Eleven when she was terminated, and (2) requiring that Plaintiff contact the current 7-Eleven employees through defense counsel is a legitimate request. (*Id.* at 4-6).

In reply, Plaintiff contends that the six former employees have direct evidence to support her claims, and it is of no moment that they may have left their jobs shortly before she was terminated. (Doc. 52 at 2). She also claims that 7-Eleven has not provided any evidence that the three current 7-Eleven employeess are represented by defense counsel, and she is entitled to speak with them herself, rather than having to contact them through counsel. (*Id.* at 3). Finally, Plaintiff claims that 7-Eleven erroneously has represented that it does not have contact information for former employee, Christina Kempe, and it should be ordered to describe under oath the efforts it has made to locate the information. (*Id.*).

As a preliminary matter, the Court must decide whether Plaintiff's discovery requests are relevant. Federal Rule of Civil Procedure 26(b)(1) provides that, unless the court orders otherwise, the parties may obtain discovery regarding any relevant, nonprivileged matter. The scope of allowable discovery is broad: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Under this standard, Plaintiff clearly is entitled to speak with current and former 7-Eleven employees who may have information that could support her claims of, *inter alia*, breach of

contract, retaliatory discharge, defamation, and intentional infliction of emotional distress. (Doc. 4, Exh. 48 at 4-8). While Plaintiff may have said in a state court hearing that the employees in question might have information relevant to her termination, it is clear from her complaint that her termination was not an act limited to one moment in time. Rather, her complaint alleges that it was retaliatory; thus, there may be former employees who have information about the events leading up to Plaintiff's termination.

Further, Plaintiff is entitled to directly contact the three current 7-Eleven employees who may have information that could lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b). 7-Eleven has provided no precedent to support their contention that Plaintiff should have to use defense counsel as an intermediary, and they do not expressly state that they represent the employees in question. *But see Hopper v. Frank*, 16 F.3d 92, 95 (5th Cir. 1994) (noting that the existence of an attorney client relationship is determined by reference to state law); *In re Salazar*, 315 S.W. 3d 279, 286 (Tex. App. - Ft. Worth, 2010) (noting that the Texas Disciplinary Rules of Professional Conduct that govern lawyers provide that a lawyer retained by an organization represents the entity, not its employees).

Plaintiff may wish to speak with the former employees to determine whether to depose them. Accordingly, 7-Eleven is directed to provide Plaintiff, no later than December 1, 2010, with the contact information for the six former 7-Eleven employees as well as the three current 7-Eleven employees at issue. If 7-Eleven is unable to locate contact information for any of these potential witnesses, it shall notify Plaintiff of the efforts it has made in this regard (although the Court will not require it to do so under oath). If Plaintiff needs an extension of the discovery period in order to depose these witnesses, she should file an appropriate motion with the Court.

Thereafter, if the Defendants need an extension of the dispositive motion deadline, they may request such.

Nevertheless, Plaintiff's request for sanctions will be denied. This Court will not impose sanctions on 7-Eleven based on its alleged violation of a state court order which is not even a part of the Court's record. Moreover, it does not appear that 7-Eleven violated the state court's oral order, which did not direct 7-Eleven to provide Plaintiff with contact information for any particular individuals. (Doc. 48 at 2). Accordingly, Plaintiff's *Motion for Sanctions and/or to Compel Discovery* (Doc. 45) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**SO ORDERED** on November 29, 2010.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE